**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**IN ADMIRALTY**

In the Matter of the Complaint of
LUCIAN STEPHENS and BETTY
STEPHENS for exoneration from
limitation of liability as owners of
the 1977 Mariner Vessel with
Hull ID No. PLD0026P1176,

Case No: 5:14-cv-638-Oc-30PRL

     Petitioners.

_____/

## ORDER

THIS CAUSE comes before the Court upon Petitioners' Motion for Entry of an Order Approving Security, Directing Issuance of Monition, and Restraining Prosecution of Claims (Doc. 6). After due consideration, the motion is granted.

### I.     BACKGROUND

Petitioners Lucian and Betty Stephens are the owners of a 1977 Mariner Vessel, with Hull identification No. PLD0026P1176 (the "Vessel"). (Doc. 1). In December 2013, Petitioners decided to sell the Vessel, and they delivered the Vessel to Consignments USA, Inc., who was responsible for selling the Vessel pursuant to a consignment agreement. (*Id.* at 2). On May 24, 2014, the Vessel was involved in an allision with a navigational marker in Kings Bay, in the navigable waters of Crystal River, Florida. (*Id.*). Petitioners were not present during this incident. (*Id.*). The incident resulted in "major" damage to the bow area of the Vessel, and the Vessel was considered a constructive total loss. (*Id.* at 4).

Following the incident, the Vessel sold for $1,400.  (*Id.*).  Petitioners have received written notice of at least one claim arising from the incident, but no actions are currently pending. (*Id.* at 3).

On November 14, 2014, Petitioners filed a complaint for exoneration from or limitation of liability for any and all damages and injuries caused by the May 24, 2014 incident involving the Vessel pursuant to 46 U.S.C. §§ 30501-12.  (*Id.*).  Petitioners also filed an Ad Interim Stipulation for Value (Doc. 2) and a Stipulation for Costs (Doc. 3).  By their complaint, Petitioners allege that the March 24, 2014 incident was not caused by fault of the Vessel, its owners, or the actions of any person for whom the owners are responsible. (Doc. 1 at 2-3).  Petitioners further allege that the damages sustained as a result of the March 24, 2014 incident were incurred without their privity or knowledge.  (*Id.* at 3).

Currently, Petitioners request that the Court enter an order approving Petitioners' Ad Interim Stipulation for Value and Stipulation of Costs to stand as security for all claims in the limitation proceeding.  (Doc. 6).  Additionally, Petitioners request that the Court issue a notice of monition, setting a monition period during which all potential claimants must file claims within this Court, and enjoining any actions or proceedings against Petitioners or the Vessel with respect to any claim subject to limitation in this action arising from the May 24, 2014 incident. (*Id.*).

## II.    DISCUSSION

Under 46 U.S.C. §§ 30505, 30511(a), an owner of a vessel may file an action to limit his or her liability to the value of the vessel and its freight for any loss, damage, or injury incurred without the knowledge or privity of the owner.  Rule F of the Supplemental

Rules for Certain Admiralty and Maritime Claims ("Supp. R. F") governs the procedures for actions of limitation of liability.

Upon filing an action to limit liability, the owner of a vessel may "deposit with the court, for the benefit of claimants, a sum equal to the amount or value of the owner's interest in the vessel and pending freight, or approved security therefor, and in addition such sums, or approved security therefor, as the court may from time to time fix as necessary to carry out the provisions of the statutes as amended." Supp. R. F(1); *see also* 46 U.S.C. § 30511(b)(1). The security must include costs and "interest at the rate of 6 percent per annum from the date of the security." Supp. R. F(1). If a claimant is concerned that the amount of security posted is insufficient, "[a]ny claimant may by motion demand that the funds deposited in court or the security given by the plaintiff be increased on the ground that they are less than the value of the plaintiff's interest in the vessel and pending freight." Supp. R. F(7).

When an owner brings an action to limit liability and posts security in accordance with § 30511(b), "all claims and proceedings against the owner related to the matter in question shall cease." 46 U.S.C. § 30511(c); *see also* Supp. R. F(3). The court shall "enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action." Supp. R. F(3). Further, the court shall issue a notice directing all potential claimants to file their claims against the vessel in the district court within a specified period of time. Supp. R. F(4).

Here, Petitioners filed an Ad Interim Stipulation of Value in the amount of $1,400.00 (Doc. 2) and a Stipulation for Costs in the amount of $250.00 (Doc. 3) as security

pursuant to Supplemental Rule F(1) and Local Admiralty Rule 7.05(e)(3). Petitioners, as principals, along with their surety Progressive American Insurance Company, agree to deposit for the benefit of claimants an Ad Interim Stipulation for Value in the amount of $1,400, with interest at the rate of six (6) percent per annum, and a Stipulation for Costs in the amount of $250.00. (Docs. 2, 3).

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1. Petitioners' Motion for Entry of an Order Approving Security, Directing Issuance of Monition, and Restraining Prosecution of Claims (Doc. 6) is **GRANTED**.

2. Petitioners' Ad Interim Stipulation for Value (Doc. 2) is **APPROVED** and shall be deposited by Petitioners with the Court for the benefit of the claimants in the amount of $1,400.00 with interest at the rate of six (6) percent per annum, as security for the value of Petitioners' interest in the Vessel.

3. Petitioners' Stipulation for Costs (Doc. 3) is **APPROVED** and shall be deposited by Petitioners with the Court for the benefit of the claimants in the amount of $250.00 as security for the amount of costs.

4. Petitioners and any claimant who may properly become a party hereto may contest the amount of value of Petitioners' interest in the Vessel as fixed in the Ad Interim Stipulation for Value, subject to such increases or decreases in the amount of such stipulation, together with adequate security, as the Court may from time to time order according to the rules and practices of the Court.

5. If the amount of the Ad Interim Stipulation for Value is not contested, the amount of such stipulation shall stand as a stipulation for value and no appraisal by a commissioner will be required.

6. The Clerk is directed to issue a notice to all persons asserting claims with respect to which the amended complaint seeks limitation as set forth in the notice attached to this Order, admonishing potential claimants to file their respective claims with the Clerk in writing and to serve on Petitioners' attorney copies thereof on or before **February 20, 2015**, or be defaulted, and if any claimant desires to contest either the right to exoneration from or the right to limitation of liability, the claimant shall file and serve on Petitioners' attorney an answer to the amended complaint on or before **February 20, 2015**.

7. Petitioners shall publish the aforementioned notice in the *Citrus County Chronicle* in accordance with the provisions set forth in Rule F(4) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Local Rules 7.01(g) and 7.06. Petitioners shall also mail copies of the complaint, notice, and all other relevant filings to all known potential claimants.

8. The further prosecution of any and all actions, suits, and proceedings already commenced and the commencement or prosecution thereafter of any and all actions, suits, or proceedings, of any nature and description whatsoever in any jurisdiction, and the taking of any steps and the making of any motion in such actions, suits, or proceedings against the Petitioners, as aforesaid, or against the 1977 Mariner Vessel, with Hull identification No. PLD0026P1176, or against any property of the Petitioners except in this action, to recover damages for or in respect of any damages or injuries caused by or resulting from

the incident of the Vessel as alleged in the complaint, should hereby be **RESTRAINED**,

**STAYED**, and **ENJOINED** until the hearing and determination of this action.

9. Service of this Order as a restraining order may be made in the usual manner by

delivery to the Marshal of the United States for the District in which service is to be made

a certified copy of this Order, or through the United States Post Office by mailing a

conformed copy thereof to the person or persons to be restrained or to their respective

attorneys.

DONE AND ORDERED at Tampa, Florida on this 16th day of December, 2014.

_____

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

Attachment:
Notice to Claimants

S:\OCALA\14-638 In re Stephens.Ord. Approving Ad Interim Stip.docx