**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**IN ADMIRALTY**

In the Matter of the Complaint of
LUCIAN STEPHENS and BETTY
STEPHENS for exoneration from
limitation of liability as owners of
the 1977 Mariner Vessel with                    Case No: 5:14-cv-638-Oc-30PRL
Hull ID No. PLD0026P1176,

      Petitioners.

_____/

# FINAL DEFAULT JUDGMENT

THIS CAUSE comes before the Court upon Petitioners' Motion for Entry of Final Default Judgment (Doc. 14).

Petitioners Lucian and Betty Stephens are the owners of a 1977 Mariner Vessel, with Hull identification No. PLD0026P1176 (the "Vessel"). (Doc. 1). In December 2013, Petitioners decided to sell the Vessel, and they delivered the Vessel to Consignments USA, Inc., who was responsible for selling the Vessel pursuant to a consignment agreement. (*Id.* at 2). On May 24, 2014, the Vessel was involved in an allision with a navigational marker in Kings Bay, in the navigable waters of Crystal River, Florida. (*Id.*). Petitioners were not present during this incident. (*Id.*). The incident resulted in "major" damage to the bow area of the Vessel, and the Vessel was considered a constructive total loss. (*Id.* at 4). Following the incident, the Vessel sold for $1,400. (*Id.*). Petitioners have received written

notice of at least one claim arising from the incident, but no actions are currently pending. (*Id.* at 3).

On November 14, 2014, Petitioners filed a complaint for exoneration from or limitation of liability for any and all damages and injuries caused by the May 24, 2014 incident involving the Vessel pursuant to 46 U.S.C. §§ 30501-12. (*Id.*). Petitioners also filed an Ad Interim Stipulation for Value (Doc. 2) and a Stipulation for Costs (Doc. 3). By their complaint, Petitioners allege that the May 24, 2014 incident was not caused by fault of the Vessel, its owners, or the actions of any person for whom the owners are responsible. (Doc. 1 at 2-3). Petitioners further allege that the damages sustained as a result of the May 24, 2014 incident were incurred without their privity or knowledge. (*Id.* at 3).

The Court issued an order approving Petitioners' ad interim stipulation for value and stipulation for costs and directing the Clerk to issue a notice of monition and injunction, which required all potential claimants to file their claims and answers to the amended complaint on or before February 20, 2015. (Doc. 7). In accordance with Rule F(4) of the Supplemental Rules for Certain Admiralty and Maritime Claims, Petitioners filed a copy of the notice of monition for four consecutive weeks in the *Citrus County Chronicle*. (Doc. 11, Ex. 1). Petitioners also provided notice to potential claimants Jaclyn Jaeger, Mark Ingram, Anthony Romanelli, Consignments USA, Inc., the Citrus County Board of County Commissioners, and Johns Eastern Company. (Doc. 10).

As of March 17, 2015, no claimant has filed a response to Petitioners' complaint. Accordingly, upon motion by Petitioners, a clerk's default was entered against any and all claimants who have failed to plead or otherwise defend. (Doc. 13). Currently, Petitioners

seek a final default judgment against any and all claimants who have failed to plead or otherwise defend, including potential claimants Jaclyn Jaeger, Mark Ingram, Anthony Romanelli, Consignments USA, Inc., the Citrus County Board of County Commissioners, and Johns Eastern Company, seeking to bar these potential claimants and any other claimants from filing claims against Petitioners arising from the May 24, 2014 incident as described in the complaint.  (Doc. 14).

In accordance with Federal Rule of Civil Procedure 55(b), all allegations in Petitioners' complaint are deemed admitted as to any and all potential claimants, including Jaclyn Jaeger, Mark Ingram, Anthony Romanelli, Consignments USA, Inc., the Citrus County Board of County Commissioners, and Johns Eastern Company, and Petitioners are entitled to full exoneration from fault for the May 24, 2014 incident involving the Vessel as described in the complaint.

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1.     Petitioners' Motion for Entry of Final Default Judgment (Doc. 14) is GRANTED.

2.     Petitioners are fully exonerated from any and all fault and liability arising out of the May 24, 2014 incident with regard to any and all potential claimants, including Jaclyn Jaeger, Mark Ingram, Anthony Romanelli, Consignments USA, Inc., the Citrus County Board of County Commissioners, and Johns Eastern Company.

3.     Any potential claims arising from the May 24, 2014 incident are barred.

4.    The Clerk is directed to close this case and terminate any pending motions

as moot.

**DONE** and **ORDERED** in Tampa, Florida, on this 18th day of March, 2015.

_____

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\OCALA\14-638 In re Stephens.Final Default Judgment.docx